# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

MICHAEL A. DE GRAFFENRIED                                                         PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:14-CV-00009-SA-SAA

SMITHWAY MOTOR XPRESS, INC.                                        DEFENDANT

## ORDER GRANTING LEAVE TO AMEND

This cause came before the Court on Defendant's Motion to Dismiss for Failure to State a Claim [7]. However, Plaintiff has failed to adequately plead diversity jurisdiction, and the Court is therefore unable to rule on Defendant's motion. Accordingly, Plaintiff is granted leave to amend his complaint no later than April 29, 2014.

### Factual and Procedural Background

Plaintiff filed this action *pro se* on January 14, 2014, asserting that Defendant terminated his employment on July 1, 2008 for failing to take a drug test and has since reported Plaintiff's alleged failure to other companies with which he has sought employment. Plaintiff contends that "Defendant should be held liable for any difference in income that he would have had, had he remained employed as a truck driver, and what he has made since the accident." Defendant has filed a motion to dismiss and argues that Plaintiff's claims are barred by the applicable statutes of limitation and/or by statute.

### Subject Matter Jurisdiction

"United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985) (citing Fed.R.Civ.P. 12(h)(3); Matter of Kutner, 656 F.2d 1107, 1110

(5th Cir. 1981), cert. denied, 455 U.S. 945, 102 S. Ct. 1443, 71 L. Ed. 2d 658 (1982)). Though the Court liberally construes *pro se* pleadings, liberal interpretation does not absolve Plaintiff of the duty of establishing jurisdiction. Clarke v. United States, 2010 WL 2143675, at *2 (Fed. Cl. May 24, 2010) ("While pro se plaintiffs are held to a lower standard of pleading than those represented by counsel, all those seeking to invoke the court's subject matter jurisdiction ultimately retain the burden of establishing that the jurisdictional requirements are met.").

Here, Plaintiff wholly fails to address jurisdiction in his complaint. Still, he alleges that he is a resident of Mississippi, that Defendant is a corporation doing business in Mississippi but "domiciled" in Iowa, and that he seeks damages in the amount of $146,845.49, as well as an unspecified amount of punitive damages. Thus, as original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States," 28 U.S.C. § 1332(a); Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000), the allegations of Plaintiff's complaint indicate the Court may have subject matter jurisdiction over this matter.

However, Plaintiff has failed to allege sufficient facts to allow the Court to make such a determination. Specifically, Plaintiff's claim that Defendant is "domiciled" in Iowa is not enough for the Court to determine Defendant's citizenship. "For the purposes of [§ 1332] . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1). Defendant has filed a Corporate Statement [9] wherein it states that it is "a privately owned corporation," but Plaintiff has made no allegation with regard to any state where Defendant is incorporated or the location of its principal place of business.

"[I]t is generally agreed that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." Illinois Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks and citations omitted). Further, "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party. This much is beyond dispute." Id. at 637 (emphasis in original) (citation omitted); see also Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (the rules regarding jurisdictional allegations "are straightforward, and the law demands strict adherence to them.").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Further, the Fifth Circuit has held that "a party shall be allowed to amend its complaint in order to make a complete statement of the basis for federal diversity jurisdiction where 'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'" Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)); see also Whitmire v. Victus Ltd., 212 F.3d 885, 887-88 (5th Cir. 2000). "Thus, '[s]ection 1653 provides a method for curing defective *allegations* of jurisdiction' where the defect is merely one of the pleading and not one of an absence of proof of facts necessary to establish diversity of citizenship." Id. (quoting Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986) (emphasis in original)).

Whereas the parties have not argued and the record does not reveal that diversity jurisdiction is not present in the case at bar, Plaintiff is granted leave to amend his complaint to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

Conclusion

Accordingly, Plaintiff is hereby granted leave to amend his complaint no later than April 29, 2014. Failure to timely file an amended complaint shall result in the dismissal of this action for lack of subject matter jurisdiction.

SO ORDERED on this, the 8th day of April, 2014.

 /s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**