# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

MICHAEL A. DE GRAFFENRIED                                                                   PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:14-CV-00009-SA-SAA

SMITHWAY MOTOR XPRESS, INC.                                                             DEFENDANT

## MEMORANDUM OPINION

Plaintiff filed this action *pro se* on January 14, 2014, asserting that Defendant terminated his employment on July 1, 2008 for failing to take a drug test and has since reported Plaintiff's alleged failure to other companies with which he has sought employment. Defendant filed a Motion to Dismiss for Failure to State a Claim [7], but the Court found *sua sponte* that Plaintiff had failed to adequately allege jurisdictional facts giving rising to diversity jurisdiction and that it was, therefore, precluded from ruling on Defendant's motion. The Court granted Plaintiff leave to amend his complaint no later than April 29, 2014, twenty-one days from the date of the Court's Order, with the admonition that failure to timely file an amended complaint would result in the dismissal of this action for lack of subject matter jurisdiction.

Though the time for doing so has now expired, Plaintiff has failed to file an amended complaint. Instead, Plaintiff has filed a Pleading Motion to Enter All Relevant and Discoverable Evidence of Factual and Subject Matters [22]. This motion consists of Plaintiff's stated damages as listed in Plaintiff's Initial Disclosures as well as nine exhibits relating to the incident at issue. While "the basis upon which jurisdiction depends . . . cannot 'be established argumentatively or by mere inference,'" Illinois Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983), the Court notes that none of the attached documents contains information sufficient to establish Defendant's citizenship.

Though one document lists Defendant's address as Fort Dodge, Iowa, this information falls far short of the requirements to establish the citizenship of a corporate entity. See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."); see also Rios v. Mall of Louisiana, 2014 WL 1239093, at *1 (M.D. La. Mar. 25, 2014) (finding that "[m]erely providing a mailing address for [corporate] entities" is insufficient to establish citizenship). Indeed, the Court previously rejected the sufficiency of this sole allegation when it found that Plaintiff's Complaint, which stated that Defendant was domiciled at an address in Fort Dodge, Iowa, failed to establish diversity jurisdiction.

Whereas Plaintiff has failed to amend his Complaint to allege Defendant's state of incorporation and principal place of business, the Court finds that it lacks subject matter jurisdiction over this matter. Accordingly, this action is hereby dismissed without prejudice.[1] A separate order to that effect shall issue this day.

SO ORDERED on this, the 12th day of June, 2014.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[1] A dismissal for lack of jurisdiction is not a decision on the merits and should be without prejudice." New S. Fed. Sav. Bank v. Murphree, 55 F. App'x 717, 717 (5th Cir. 2002) (per curiam) (citing FED. R. CIV. P. 41(b); Warnock v. Pecos County, 88 F.3d 341, 343 (5th Cir.1996)).