IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL A. DE GRAFFENRIED                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:14-CV-00009-SA-SAA

SMITHWAY MOTOR XPRESS, INC.                                                            DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the Court on Plaintiff's Motion for Reconsideration [26], Defendant's Motion to Dismiss for Failure to State a Claim [29], and Plaintiff's Motion for Judgment [31]. Having duly considered the motions, responses, rules, and authorities, the Court finds as follows:

FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 2008, Plaintiff Michael de Graffenried was employed as a truck driver by Defendant Smithway Motor Xpress, Inc. On that day, Plaintiff claims he was attacked by two men while attempting to deliver goods for Defendant in Memphis, Tennessee. Plaintiff alleges he was able to return to his truck and contact Defendant, who instructed him to leave the area with the truck. Plaintiff drove away and contacted his wife, seeking medical attention. Plaintiff was taken to the hospital where he was given "pain killer drugs to aid him in sleeping, etc." Plaintiff alleges in his complaint:

> The dispatcher for the Defendant told him to go and get a drug test immediately, as it is supposed to be done within 32 hours of the incident. He did not get one the day of the accident, because he had to get to a doctor, and didn't take one after they had injected him with narcotic drugs, but did soon thereafter.

Plaintiff claims Defendant terminated his employment on July 1, 2008 for failing to take a drug test and has since reported Plaintiff's alleged failure to other companies with which Plaintiff has sought employment.

Plaintiff filed this action *pro se* on January 14, 2014, asserting that "Defendant should be held liable for any difference in income that he would have had, had he remained employed as a truck driver, and what he has made since the accident" and demanding judgment in the amount of $146,845.49, as well as punitive damages. Defendant filed a Motion to Dismiss [7], arguing among other things that Plaintiff's claims are barred by the applicable statutes of limitations. However, addressing the issue of subject matter jurisdiction *sua sponte*, the Court determined that it was unable to rule upon Defendant's motion because Plaintiff failed to adequately establish the Court's jurisdiction over this action. The Court entered an Order [20] granting Plaintiff leave to amend his Complaint no later than April 29, 2014 and specifically stated therein that the "[f]ailure to timely file an amended complaint shall result in the dismissal of this action for lack of subject matter jurisdiction."

Plaintiff failed to comply with the Court's Order, and the Court dismissed this action without prejudice on June 12, 2014, finding that it lacked subject matter jurisdiction. Thereafter, on June 24, 2014, Plaintiff filed a Motion for Reconsideration [26] and an Amended Complaint [27]. Defendant has filed a second Motion to Dismiss [29], and Plaintiff has additionally filed a Motion for Judgment [31].

## MOTION FOR RECONSIDERATION

Whereas this action was dismissed on June 12, 2014, the Court must first consider Plaintiff's Motion for Reconsideration [26].

### Applicable Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the Fifth Circuit has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from

judgment under Rule 60(b). Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir.1991). Specifically, if, as here, the motion for reconsideration is filed and served within twenty-eight days of the rendition of judgment, the motion falls under Rule 59(e), and if it is filed and served after that time, it falls under the more stringent Rule 60(b). Id.; see also FED. R. CIV. P. 59(e).

"Rule 59(e) motions provide relief for the movant on grounds at least as broad as Rule 60 motions." Templet v. HydroChem Inc., 367 F.3d 473, 483 (5th Cir. 2004) (citation omitted). Under Rule 59(e), the Court recognizes "three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Towns v. Ne. Miss. Elec. Power Ass'n, 2011 WL 3267887, at *1 (N.D. Miss. July 29, 2011) (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). While "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," Templet, 367 F.3d at 479 (citation omitted), "Rule 59(e) . . . provides district courts with the power to consider equitable factors and provide relief for 'any ... reason justifying relief from the operation of the judgment.'" Id. at 483 (citing FED. R. CIV. P. 60(b)(6); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) (noting that Rule 60(b)(6) provides district courts with "authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," but that such power should only be used in "extraordinary circumstances.") (internal quotations omitted)).

## Analysis and Discussion

In its Order [20] dated April 8, 2014, the Court found *sua sponte* that Plaintiff failed to meet his burden of establishing subject matter jurisdiction. Plaintiff's Complaint wholly failed to address jurisdiction but alleged that he is a resident and citizen of Mississippi and that Defendant

3

is a corporation doing business in Mississippi and "domiciled" in Iowa. Based upon these allegations and the amount of damages sought, the Court speculated that federal diversity jurisdiction might be present. See 28 U.S.C. § 1332(a) (Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). Nevertheless, because the Court had before it no allegation or evidence as to either Defendant's principal place of business or its state of incorporation, the Court was unable to determine whether diversity jurisdiction was present. See Illinois Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 637 (5th Cir. 1983) ("[A] complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party."). Accordingly, the Court granted Plaintiff leave to amend his Complaint. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Plaintiff did not follow the directive of the Court and failed to amend his Complaint during the time period set out by the Court. Instead, Plaintiff filed a Pleading Motion to Enter All Relevant and Discoverable Evidence of Factual and Subject Matters [22] consisting of nine evidentiary exhibits. As the Court explained in its Memorandum Opinion [24] dated June 12, 2014, none of the attached documents contained sufficient information to establish Defendant's citizenship or the presence of diversity jurisdiction. Accordingly, the Court found that it lacked subject matter jurisdiction and dismissed Plaintiff's Complaint without prejudice.

Thereafter, Plaintiff filed both the instant Motion for Reconsideration [26] and an Amended Complaint [27]. Though Plaintiff does not specifically request that the Court reopen this matter or explain his failure to comply with the Court's prior order, he attaches to both his Motion for Reconsideration and Amended Complaint documents that purport to establish

Defendant's state of incorporation as well as its principal place of business, both of which appear to be the state of Iowa. Defendant has filed a Motion to Dismiss Plaintiff's Amended Complaint [29] but has not responded to Plaintiff's Motion for Reconsideration. Further, Defendant has not contested Plaintiff's assertions that it is a citizen of Iowa and that this Court possesses subject matter jurisdiction over this matter.

Accordingly, the Court is satisfied that subject matter jurisdiction is present in the form of diversity jurisdiction and, mindful of Plaintiff's *pro se* status, GRANTS Plaintiff's Motion for Reconsideration [26] in the interests of justice. Further, though filed without leave, the Court accepts Plaintiff's Amended Complaint [27] as a supplement to the original Complaint [1] and proceeds to an analysis of Defendant's Motion to Dismiss [29].[1]

## MOTION TO DISMISS

### Applicable Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., 129 S. Ct. 1937. "Generally, when ruling on a Rule 12(b)(6) motion to dismiss, the district court may not look beyond the pleadings." Hicks v. Lingle, 370 F. App'x 497, 498 (5th Cir. 2010) (citing Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994); see also FED. R. CIV. P. 12(d) ("If, on a motion

---

[1] Also pending before the Court is Plaintiff's Motion for Judgment [31] wherein Plaintiff requests the Court issue judgment in his favor and award him the damages sought in his complaint. To the extent Plaintiff's motion may be construed as a motion for summary judgment, the Court finds the same to be premature as this matter was dismissed without prejudice some five months before the conclusion of the discovery period set forth by the Case Management Order. Accordingly, Plaintiff's Motion for Judgment is DENIED without prejudice at this time.

under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").[2]

Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." In re McCoy, 666 F.3d 924, 926 (5th Cir. 2012) (citing Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010)), cert. denied, 133 S. Ct. 192, 184 L. Ed. 2d 38 (2012). Therefore, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937.

With respect to *pro se* plaintiffs, the Court liberally construes their pleadings. Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993); see also Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (noting that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers"). However, 28 U.S.C. § 1915(e) authorizes the Court to dismiss a case filed by a plaintiff proceeding *in forma pauperis* upon a determination that the complaint or any claim therein is frivolous or malicious, that fails to state a claim for which relief can be granted, or that seeks monetary relief against an immune defendant. Reeves v. Collins, 27

---

[2] Plaintiff has not responded to Defendant's second Motion to Dismiss [29], and Defendant has submitted no exhibits in support thereof. However, in response to Defendant's first Motion to Dismiss [7], Plaintiff submitted multiple documents for the Court's consideration. As the Fifth Circuit has recognized, "[i]t is well known that when 'matters outside the pleading' are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence." Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC, 255 F. App'x 775, 783 (5th Cir. 2007) (citing Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 193 (5th Cir. 1988); FED. R. CIV. P. 12(b)). Given the current posture of the case at bar, Plaintiff's *pro se* status, the extensive period of time left for discovery at the time Defendant's first motion was filed, and the lack of any non-pleading matters presented to the Court by Defendant, the Court finds that conversion of the instant motion to one for summary judgment would be imprudent. Accordingly, in considering Defendant's Motion to Dismiss [29] the Court excludes and will not consider any matters presented outside of the pleadings.

F.3d 174, 176 (5th Cir. 1994); see Jackson v. Vannoy, 49 F.3d 175, 176–77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

Analysis and Discussion

Plaintiff does not specifically allege any cause of action or reference any law in either his Complaint or supplement. In moving for dismissal of Plaintiff's claims, Defendant identifies three possible state law causes of action based upon the facts asserted in the complaint: wrongful termination, termination in violation of a drug and alcohol testing program, and slander. Defendant argues that all claims are barred by the applicable statutes of limitations.

"While dismissal under Rule 12(b)(6) ordinarily is determined by whether the facts alleged, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." Tucker v. United Fire & Cas. Co., 1998 WL 433954, at *2 (N.D. Miss. May 29, 1998) (citations omitted). Additionally, the Fifth Circuit has specifically held that

> [f]ailure to file an action within the time period provided for in the statute of limitations is an affirmative defense . . . and may be raised by a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to [Federal Rule of Civil Procedure] 12(b)(6). A complaint cannot be dismissed, however, unless it appears beyond doubt that the plaintiff can prove no state of facts in support of his claim that would entitle him to relief.

Neel v. Rehberg, 577 F.2d 262, 264 (5th Cir. 1978) (internal quotation marks and citation omitted).

Whereas the Court has determined that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a), Mississippi law controls with regard to any applicable statutes of limitations. Mullen v. Sears, Roebuck, & Co., 887 F.2d 615, 616 (5th Cir. 1989) ("In Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945), the Court read Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) to require application in federal court of state

7

statutes of limitations when jurisdiction rests on diversity of citizenship."); Allison v. ITE Imperial Corp., 928 F.2d 137, 138 (5th Cir. 1991) ("[A] federal court in a diversity case must apply the choice of law rules of the State in which it sits.") (citations omitted); Davis v. Nat'l Gypsum Co., 743 F.2d 1132, 1134 (5th Cir. 1984) ("Although Mississippi applies the substantive law of the state having the most significant relationship to the litigation, it applies its own law in matters of procedure, including statutes of limitation.") (citations omitted).[3]

As to wrongful termination, Defendant cites Mississippi's general statute of limitations, which states in pertinent part that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." MISS. CODE. ANN. § 15-1-49(1). This Court has previously recognized that "[t]he appropriate statute of limitations for wrongful termination under Mississippi law is the 'catch-all' statute of limitations, Miss. Code Ann. § 15–1–49." Banks v. Jockey Int'l, Inc., 996 F. Supp. 576, 579 (N.D. Miss. 1998). Plaintiff filed his initial Complaint January 14, 2014, alleging that Defendant terminated his employment on July 1, 2008. Thus, it is clear upon the face of his Complaint that any claim for wrongful termination is barred by the statute of limitations and must be dismissed.[4]

---

[3] The Court notes that "when the substantive laws of another jurisdiction apply to a case in Mississippi, and such other state has determined that its applicable period of limitation is substantive rather than procedural, Mississippi courts recognize and apply such periods of limitation as substantive law." Walls v. Gen. Motors, Inc., 906 F.2d 143, 146 (5th Cir. 1990). However, "[f]ederal [c]ourts have uniformly held, in construing Tennessee law, that statutes of limitations are procedural." Bramblett v. Nick Carter's Aircraft Engines, Inc., 1991 WL 12284, at *3 (Tenn. Ct. App. Feb. 7, 1991) (citations omitted) (distinguishing statutes of repose as substantive law from procedural statutes of limitation). Likewise, "Iowa law classifies statutes of limitation as procedural . . . ." Peda v. Fort Dodge Animal Health, Inc., 293 F. Supp. 2d 973, 979 (N.D. Iowa 2003). Therefore, whether Tennessee, Iowa, or Mississippi has the most significant relationship to the litigation at bar, this Court is bound to apply Mississippi's statutes of limitations.

[4] Defendant additionally argues that Plaintiff's claim for wrongful termination is due to be dismissed because it is barred by statute and was not premised on any exception to Mississippi's at-will employment doctrine. Whereas the statute of limitations bars Plaintiff's claim, the Court need not address these additional grounds for dismissal.

Similarly, Defendant directs the Court to Mississippi Code § 71-7-25(1) as barring any potential action by Plaintiff for termination in violation of a drug and alcohol testing program.[5] Section 71-7-25(1) states that:

> Upon an alleged violation of the provisions of this chapter, a person must institute a civil action in a court of competent jurisdiction within one (1) year of the alleged violation or the exhaustion of any internal administrative remedies available to the person, or be barred from obtaining the relief provided for in subsection (2) of this section.

Thus, to the extent that Plaintiff seeks relief under Mississippi Code §§ 71-7-1 *et seq.*, his claims are also clearly barred by the applicable statute of limitations and are due to be dismissed.

With regard to the action of slander, Defendant cites Mississippi Code § 15-1-35, which states that "all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after." MISS. CODE. ANN. § 15-1-35. Unlike his purported claims related to termination, though, Plaintiff's Complaint is less clear with regard to when any potential claim for slander may have accrued. Plaintiff's Complaint states:

> Since his employment was terminated, the Plaintiff has applied for jobs with several different companies as a truck driver; however, he has been unable to obtain a job, as the Defendant reports to said companies that he refused a drug test, which is untrue. As a direct result of the Defendant's slanderous reports, the Plaintiff's income has diminished and continued to diminish because of the said slander.

Based on these allegations, the Court cannot say that Plaintiff's Complaint shows on its face a bar to relief. Tucker, 1998 WL 433954, at *2 (quoting Clark v. Amoco Prod. Co., 794

---

[5] Mississippi Code §§ 71-7-1 *et seq.* sets forth Mississippi's rules and regulations governing employers' voluntary drug and alcohol testing of employees and applies to:

> any individual, organization or government body, subdivision or agency thereof, . . . whether domestic or foreign, . . . and any common carrier by mail, motor, water, air or express company doing business in or operating within this state, which has one or more employees within this state, or which has offered or may offer employment to one or more individuals in this state.

MISS. CODE. ANN. § 71-7-1(g).

9

F.2d 967, 970 (5th Cir. 1986)). Neither can the Court say that Plaintiff could "prove no state of facts in support of his claim that would entitle him to relief." Neel, 577 F.2d at 264 (citation omitted). Accordingly, Defendant's motion to dismiss Plaintiff's state law slander claim must be denied.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration [26] is GRANTED, and this matter is hereby reopened. Additionally, Defendant's Motion to Dismiss for Failure to State a Claim [29] is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for wrongful termination and termination in violation of a drug and alcohol testing program are dismissed with prejudice, but his claim for slander remains. Finally, Plaintiff's Motion for Judgment [31] is DENIED without prejudice. A separate order to that effect shall issue this day.

SO ORDERED on this, the 22nd day of December, 2014.

    /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE