IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL A. de GRAFFENRIED                                    PLAINTIFF

V.                                         CIVIL ACTION NO. 3:14-CV-9-SA-SAA

SMITHWAY MOTOR XPRESS, INC.                                  DEFENDANT

MEMORANDUM OPINION

This matter comes before the Court on the parties' motions for summary judgment. Plaintiff claims Defendant terminated his employment on July 1, 2008 for failing to take a drug test and has since reported Plaintiff's alleged failure to other companies with which Plaintiff has sought employment. The Plaintiff's other claims were dismissed by other orders of this Court, leaving only his claim for slander remaining.

This Court previously determined that Mississippi Code Section 15-1-35 is the applicable statute of limitations relevant to the Plaintiff's slander claims. At that time, there was insufficient information before the Court as to whether Plaintiff's claims for slander were time barred. Mississippi Code Section 15-1-35 states: "All actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-35. After a careful review of the record, and applying this statute to the instant claims, the Court finds that Plaintiff's only claim that is not time barred involves an allegedly defamatory statement made by Defendant to Arnold Transportation Services in January 2014.[1]

*Factual background*

---

[1] Plaintiff's next most recent claim for slander involves an alleged statement by Defendant on July 19, 2011 more than two years before the Plaintiff filed this case on January 14, 2014, well outside the one-year statute of limitations. *See* MISS. CODE. ANN. § 15-1-35.

Plaintiff was employed as a truck driver by Defendant Smithway Motor Xpress, Inc. when he was attacked by two men while attempting to deliver goods for Defendant in Memphis, Tennessee. Plaintiff was able to return to his truck and contact his employer, who instructed him to leave the area with the truck. After leaving the area, Plaintiff was taken to the hospital where he was treated and released. It is undisputed that Plaintiff did not take a drug and alcohol test at the hospital.

Plaintiff alleges that he did not refuse to take a drug and alcohol test at the hospital, but that he wanted to take the test later because he was under the influence of strong medications soon after he arrived at the hospital. Plaintiff further alleges that he does not remember what happened at the hospital. Plaintiff also alleges that he, through his wife and brother, was in contact with the Defendant the day after the incident about rescheduling the drug test, but that Defendant failed to reschedule the test.

The Defendant alleges that Plaintiff refused to take a drug test at the hospital. The Defendant's Workers' Compensation Claim Manager, Judy Larson, stated that she personally spoke with hospital staff and Plaintiff while he was at the hospital and that both the hospital staff and the Plaintiff informed her that Plaintiff refused to take a drug test. According to Larson, she informed Plaintiff that his refusal to take a drug test would be considered the equivalent of a positive test, and would jeopardize his employment.[2] Larson agrees that Plaintiff was in contact with her the day after the accident about rescheduling the test. However, Defendant asserts that the next day was too late in time for a test to comply with company policy, or to show whether Plaintiff had drugs or alcohol in his system at the time of the incident.

After his termination from Smithway, Plaintiff applied for a position as a truck driver with Arnold Transportation Services. It is undisputed that Defendant reported to Arnold

---

[2] Plaintiff's hospital records corroborate these assertions by the Defendant.

Transportation Services that Plaintiff was terminated for refusing to take a drug test. Plaintiff claims that this communication by Defendant to a prospective employer was false, slanderous, and defamatory.

In support of his motion for summary judgment, Plaintiff argues that the factual evidence shows, without controversy, that Defendant is liable for the alleged deliberate conduct.

In support of its motion for summary judgment, Defendant argues that the statement was true, and thus not slanderous. Defendant also argues in the alternative, that even if the statement was false, the communication is covered by a qualified privilege, and therefore not slanderous absent a showing of bad faith or malice.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both

parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075. Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

*Slander*

In Mississippi, slander is the spoken form of the general tort of defamation. *Mayweather v. Isle of Capri Casino, Inc.*, 996 So. 2d 136, 139 (¶8) (Miss. Ct. App. 2008) (citing *Speed v. Scott,* 787 So. 2d 626, 631 (¶ 21) (Miss. 2001)). Bearing in mind the *pro se* status of the Plaintiff in this case, the Court construes the Plaintiff's claim for slander as a claim for defamation.[3]

In order to prevail upon a defamation claim, a plaintiff must show "(1) a false statement that has the capacity to injure plaintiff's reputation, (2) an unprivileged publication, (3) negligence or greater fault on part of the publisher, (4) either actionability of statement irrespective of special harm or existence of special harm caused by publication. *Cockrell v. Weyerhaeuser Co.*, No. 1:09-CV-00132, 2010 WL 3724300, at *4 (N.D. Miss. Sept. 16, 2010) (citing *Franklin v. Thompson,* 722 So. 2d 688, 692 (Miss. 1998)).

*(1) False Statement*

---

[3] The usual analytical division in defamation is into the twin torts of libel for written defamations and slander for oral ones. *Speed*, 787 So. 2d at 631 (citing Prosser & Keeton on the Law of Torts § 111, at 771 (5th ed. 1984)).

4

In Mississippi, "[t]he threshold question in a defamation suit is whether the published statements are false." *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 490 (5th Cir. 2013). "Truth is an absolute defense to a defamation lawsuit in Mississippi." *Bond Pharmacy, Inc. v. Anazao Health Corp.*, 815 F. Supp. 2d 966, 973 (S.D. Miss. 2011) (citing *Journal Publ'g Co. v. McCullough,* 743 So. 2d 352, 360 (Miss. 1999)). Importantly, "statements that are 'substantially true' are not defamatory in Mississippi." *Trout Point Lodge*, 729 F.3d at 490 (citing *Armistead v. Minor*, 815 So. 2d 1189, 1194 (Miss. 2002)). "As the United States Supreme Court has noted, minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified." *Id*. (citing *Armistead*, 815 So. 2d at 1194 (quoting *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 517, 111 S. Ct. 2419, 115 L. Ed. 2d 447 (1991))). Stated slightly differently, "the statement is not considered false, unless it 'would have a different effect on the mind of the reader from that which the pleaded truth would have produced.' " *Id*.

In the summary judgment context, the Court "must view all evidence and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (citing *Scott v. Harris,* 550 U.S. 372, 127 S. Ct. 1769, 1774–75, 167 L. Ed. 2d 686 (2007)). However, "conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *Id*. (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)). The court has no duty to search the record for material fact issues. *Id*. (citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998)). Bearing in mind the *pro se* status of the Plaintiff in this case, the Court has conducted a thorough review of the record, which revealed *only* the following relevant references *brought forth by the Plaintiff*.

1) In deposition testimony by Plaintiff, he testifies that he was not told to take a drug test at the hospital, but then admits that he does not remember the events at the hospital on the day of his injury.

2) In a letter from Plaintiff to a Mr. Brewer, Plaintiff states that he lost all memory of hospital room events after arriving at the hospital due to severe pain and medication.

3) In a declaration by Plaintiff's wife, Tamara de Graffenried, who was present at the hospital for the duration of Plaintiff's treatment, there is no mention of the events that took place at the hospital, and no mention of a drug test.

4) In a declaration by Plaintiff's brother, Jeffery de Graffenried, who was also present at the hospital for the duration of Plaintiff's treatment, there is no mention of the events that took place at the hospital, and no mention of a drug test.

5) In a worker's compensation action, not related to the instant case, Administrative Law Judge Steven A. Wise made findings of fact and conclusions of law relevant to the drug test. In his findings of fact, Judge Wise found that when the nurse requested the Plaintiff provide a sample for testing, he declined; and that Defendant's manager spoke to the Plaintiff by phone at the hospital and informed him that his refusal to provide a sample would be the same as a positive result, and would subject him to termination. In his conclusions of law, Judge Wise concluded, for purposes of the worker's compensation hearing, that Plaintiff did refuse to take the drug test, but that his refusal was a "good-faith error in judgment."

6) Plaintiff's hospital records generated contemporaneously with Plaintiff's treatment on the day of the alleged incident contain the following notations by hospital staff: "Patient stated: I refuse to take a drug test; talked to patient and wife and explained

what could happen should he not comply. Patient continues to refuse UDS [drug test]. Understanding voiced; wife states: He will take UDS at a later date."

The Court's careful review of the record has not uncovered a single sworn, affirmative statement by the Plaintiff that he did not refuse to take a drug test at the hospital on the day of the alleged incident. The only allegations that refute the substantial references in the record in this case are contained in the Plaintiff's pleadings and motions. Plaintiff further argues that he should have been allowed to reschedule the test. For purposes of his slander claim, Plaintiff's assertion about rescheduling is not relevant.

Bearing in mind the summary judgment standard articulated above, the Court finds that there is no evidence of relevant, contradictory facts in the record. *See Little*, 37 F.3d at 1075. The mere making of an accusation in a pleading will not suffice to prevent issuance of summary judgment. There must be a factual basis for the statement in the record. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).In other words, the Plaintiff cannot use conclusory allegations, speculation, and unsubstantiated assertions to manufacture fact disputes in an attempt to defeat summary judgment. *See TIG*, 276 F.3d at 759; *Recile*, 10 F.3d at 1097; *Little*, 37 F.3d at 1075.

The Court finds that because the Plaintiff has failed to bring forth a genuine dispute as to the truth of Defendant's statement to Arnold Transportation Services, that Plaintiff was terminated for refusing to take a drug test, summary judgment is appropriate. Because the Court finds the first prong of the defamation analysis dispositive in this case, there is no need to analyze Plaintiff's claim on the consecutive points.[4]

---

[4] Even if the Plaintiff was able to create a genuine issue of material fact as to the truth of the allegedly defamatory statement, a qualified privilege would likely apply to the communication. The question of whether a privilege applies is "to be determined by the court." *Garziano v. E.I. Du Pont De Nemours & Co.*, 818 F.2d 380, 387 (5th Cir. 1987). Mississippi courts employ a bifurcated process when analyzing privilege in defamation claims. *Eckman v.*

7

*Conclusion*

Because the Court finds above that no genuine issue of material fact exists relative to the truth of Defendant's communication to Arnold Transportation, Plaintiff's Motion for Summary Judgment [70] is DENIED, Defendant's Motion for Summary Judgment [74] is GRANTED, and Defendant's Motion for Partial Summary Judgment [72] is DENIED as moot.

**SO ORDERED on this the 4th day of January 2016.**

/s/ Sharion Aycock_____
**UNITED STATES DISTRICT JUDGE**

---

*Cooper Tire & Rubber Co.,* 893 So. 2d 1049, 1052 ¶ 9. (Miss. 2005). First, "[a] communication made in good faith and on a subject matter in which the person making it has an interest, or in reference to which he has a duty, is privileged if made to a person or persons having a corresponding interest or duty, even though it contains matter which without this privilege would be slanderous. . . ." *Barmada v. Pridjian*, 989 So. 2d 359, 362 (Miss. 2008). Second, "[w]hen qualified privilege is established, statements or written communications are not actionable as slanderous or libelous absent bad faith or malice if the communications are limited to those persons who have a legitimate and direct interest in the subject matter." *Staheli v. Smith*, 548 So. 2d 1299, 1305 (Miss. 1989) (citing *Benson v. Hall,* 339 So.2d 570 (Miss. 1976)). In the instant case, the Defendant was under a statutory duty to communicate the results or refusals of any drug tests to other motor carriers, Plaintiff signed a written authorization explicitly granting Defendant permission to release information about alcohol and drug testing while Plaintiff was their employee to Arnold Transportation, and there is no allegation or evidence of bad faith in the record. *See generally* 49 C.F.R. §382; *see also* 49 C.F.R. § 40.331.